Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| RUBÉN KUILAN HUERTAS <br><br> Recurrente <br><br> V. <br><br> DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN <br><br> Recurrido | KLRA202400082 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación <br><br> Caso Núm.: B7-19539 <br><br> Sobre: Pre-Reinserción |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

El 15 de febrero de 2023, el señor Rubén Kuilan Huertas (en adelante, señor Kuilan Huertas o recurrente), compareció por derecho propio, de forma *pauperis*, ante este Tribunal de Apelaciones mediante un escueto recurso intitulado *Apelación de Reconsideración*. Por medio de este, en esencia, nos solicita que revisemos una *Resolución* emitida el 15 de noviembre de 2023 y notificada el 10 de enero de 2024, por el Departamento de Corrección y Rehabilitación (en adelante, DCR o recurrido). En virtud del referido dictamen, el DCR denegó la reconsideración presentada por el señor Kuilan Huertas, en torno a una solicitud para participar en el Programa para la Pre Reinserción a la Libre Comunidad (Programa para la Pre Reinserción).

Por los fundamentos que expondremos a continuación, se revoca la determinación recurrida y devolvemos el caso al DCR para que proceda de conformidad con lo aquí resuelto.

Número Identificador

SEN2024 _____

**I**

El 17 de agosto de 2023, el DCR, a través de la Secretaria Auxiliar de Programas y Servicios, evaluó una solicitud presentada por el señor Kuilan Huertas, sobre el Programa para la Pre Reinserción, de conformidad a la orden administrativa 2018-07 del DCR (OA 2018-07). Tras dicha evaluación, el DCR determinó que el caso del recurrente no era favorable, puesto que no cumplía con la referida orden administrativa. En detalle, el DCR expresó lo siguiente:

> No Cumple con lo dispuesto en la Orden Administrativa DCR2018-07-Programa Para La Pre Reinserción a la Libre Comunidad – Normas Generales, Letra B-Exclusiones, Inciso # 5 *"Ley de Armas Núm. 404-2000 según enmendada, conocida como la Ley de Armas de Puerto Rico. Se considerarán aquellos casos que estén cumpliendo sentencia por los delitos de ley de armas acompañados de otros delitos que cualifiquen para su participación en el programa. Para ello debe haber cumplido la pena impuesta por el delito de ley de armas."* **Surge de la Hoja Control Liquidación de Sentencia que cumplirá la pena impuesta por el delito de Infracción al Art. 5.07 de Ley de Armas el 24 de octubre de 2025 y cumplirá la pena impuesta por el delito de Infracción al Art. 5.06 de Ley de Armas (12 casos) el 30 de mayo de 2029**. (Énfasis en el original).[1]

La determinación fue notificada al recurrente el 20 de octubre de 2023.[2] En desacuerdo, el 2 de noviembre de 2023, el señor Kuilan Huertas presentó una *Recon[s]ideración*.[3] No obstante, el 15 de noviembre de 2023, y notificada el 10 de enero de 2024, el DCR emitió la *Resolución* recurrida, denegando la misma.[4] Para fundamentar su decisión, el DCR expresó lo siguiente:

> - Le informamos que la concesión del privilegio Programa Pre-Reinserción – Centro de Rehabilitación y Nuevas Oportunidades de Arecibo está reglamentada por la Orden Administrativa DCR-2018-07 del 21 de diciembre de 2018 – Programa Para la Pre-Reinserción a la Libre Comunidad, en la misma se establecen los criterios de elegibilidad para participar del programa.

---

[1] Anejo 1 del apéndice del recurso de Revisión Administrativa.
[2] *Íd.*
[3] Apéndice de la parte recurrida, págs. 5-7.
[4] Anejo 2 del apéndice del recurso de Revisión Administrativa.

- Dispone la orden administrativa en el inciso IV-Normas Generales, Normas Generales, Letra B-Exclusiones, Inciso #5 "Ley de Armas Núm. 404-2000 según enmendada, conocida como la Ley de Armas de Puerto Rico. Se considerarán aquellos casos que estén cumpliendo sentencia por los delitos de Ley de Armas acompañados de otros delitos que cualifiquen para su participación en el programa. Para ello debe haber cumplido la pena impuesta por el delito de Ley de Armas. Al presente usted no ha dejado extinguida las sentencias por Infracción a la Ley de Armas. Por lo tanto, resulta un candidato no viable para disfrutar del Programa de Pre-Reinserción a la Libre Comunidad.

- Por otra parte, le orientamos que la Ley 79 del 27 de septiembre de 2022, enmienda el Artículo 16 – Programa de Desvío del Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, conocido como "Plan de Reorganización del Departamento de Corrección y Rehabilitación. La enmienda establece quienes No serán elegibles para participar en los programas de desvío establecidos por el Departamento.

Inconforme aún con la determinación, el 15 de febrero de 2024, compareció ante nos el señor Kuilan Huertas, mediante el recurso de epígrafe. Aunque este no hace señalamiento de error alguno, solicita que se revoque la *Resolución* antes reseñada.

Mediante *Resolución* interlocutoria, concedimos término al DCR para exponer su posición en torno al recurso. Le ordenamos, además, que sometiera copia certificada del expediente administrativo del recurrido. En cumplimiento, el 5 de abril de 2024, compareció el DCR por conducto de la Oficina del Procurador General, mediante *Escrito en Cumplimiento de Resolución.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *Revisión de Determinaciones Administrativas***

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados

por la Asamblea Legislativa. *Hernández Feliciano v. Mun. Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd*. No obstante, tal norma no es absoluta. Es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida. (Énfasis suplido).[5]

---

[5] Véase *Hernández Feliciano v. Mun. Quebradillas*, supra; *Super Asphalt v. AFI y otros*, supra, págs. 819-820.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otros*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, pág. 216.

Bajo este supuesto, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra*; Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el

ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otros,* supra, pág. 819-820. Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675.

No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra, págs. 36-37; *Torres Rivera v. Policía de PR*, supra, pág. 627. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.* págs. 627-628; *OEG v. Martínez Giraud*, supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.*

## B. *Órdenes Administrativas 2018-07 y 2023-03 del DCR*

Mediante la aprobación del Plan de Reorganización Núm. 2 de 2011, conocido como el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, 3 LPRA, Ap. XVIII, Art. 1 *et*

*seq.* (Plan Núm. 2-2011), se decretó como política pública "la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de los ciudadanos que han sido encontrados incursos en la comisión de un delito o falta y que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad". 3 LPRA, Ap. XVIII, Art. 2. Además, el Artículo 16 del Plan Núm. 2-2011, dispone lo siguiente:

> El Secretario establecerá mediante reglamento los objetivos de cada programa de desvío, cómo habrán de operar, los criterios y condiciones para la concesión de dicho privilegio, así como también los criterios, condiciones y procesos que habrá de seguirse para la revocación del privilegio y administrará los programas de desvío donde las personas convictas puedan cumplir parte de su sentencia fuera de la institución correccional.
>
> [. . .]. 3 LPRA, Ap. XVIII, Art. 16.

A tenor con lo anterior, el DCR creó el Programa Integral de Reinserción Comunitaria y, consecuentemente, adoptó la OA 2018-07, intitulada *Programa para la Pre Reinserción a la Libre Comunidad.* La referida orden, se promulgó a los fines de velar que "los miembros de la población correccional se adapten nuevamente a la vida en la libre comunidad, prepararlos para que puedan integrarse en la vida laboral, se conviertan en personas independientes y productivas para nuestra sociedad y reconozcan que se encuentran ante una nueva oportunidad en sus vidas."[6]

A esos fines, el DCR estableció por medio de la referida orden administrativa los criterios de elegibilidad que debían cumplir los miembros de la población correccional para poder beneficiarse del referido programa, así como varios criterios de exclusión, dirigidos

---

[6] Acápite I de la OA 2018-07 (derogada).

específicamente a miembros de la población correccional que extinguieran sentencia por ciertos delitos específicos. No obstante, dicha OA 2018-07 fue derogada el 7 de septiembre de 2023, con la adopción de la orden administrativa 2023-03, (OA 2023-03), intitulada *Proyecto para la Pre Reinserción a la Libre Comunidad* (Proyecto para la Pre Reinserción). A través de la nueva OA 2023-03, el DCR adoptó nuevos criterios de elegibilidad, al igual que nuevos parámetros de exclusión para la participación de los miembros de la población correccional en el referido proyecto. En cuanto a los requisitos que debe exhibir el miembro de la población que solicite los beneficios del Proyecto para la Pre Reinserción, la OA 2023-03 consigna los siguientes:

1. No tener resoluciones administrativas disciplinarias en su contra durante los últimos seis (6) meses. Tampoco puede tener procesos disciplinarios pendientes de resolver.

2. Estar clasificados en custodia mediana o mínima.

3. No tener pendiente procesos criminales ante los tribunales.

4. Podrá estar disfrutando de pases familiares sin custodia.

5. Haber satisfecho la Pena Especial impuesta o poseer un plan de pago, conforme a la Ley Núm. 183-1998, según enmendada, conocida como "Ley de Compensación a las Víctimas de Delito".

6. Debe estar en cumplimiento con lo dispuesto en las siguientes leyes:

   a) Ley Núm. 175-1998, según enmendada, conocida como "Ley del Banco de Datos de ADN de Puerto Rico".

   b) Ley Núm. 243-2011, según enmendada, "Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores".

7. Deberá restarle diez (10) años o menos para cumplir el mínimo de la sentencia.

8. Debe estar cumpliendo con el Plan Institucional asignado favorablemente y presentar buenos ajustes institucionales. Esto debe estar certificado por el Técnico de Servicios Sociopenales y contar con el visto bueno del supervisor.

9. En los casos de los miembros de la población correccional que tengan historial de uso de sustancias controladas o alcohol, deberán haberse beneficiado de tratamiento contra la adicción.

10. En los casos de los miembros de la población correccional convictos por infracción a la Ley Núm. 54 del 15 de agosto de 1989, conocida como la "Ley para la Prevención e Intervención con la Violencia Doméstica" o de algún delito de naturaleza sexual, previo a ser considerados para participar del Proyecto, deberán haberse beneficiado del programa Aprendiendo a Vivir Sin Violencia y contar con la recomendación favorable del terapista/psicólogo.

11. En los casos en que el miembro de la población correccional haya incurrido en el delito de fuga o en la comisión de un nuevo delito, deberá haber transcurrido un mínimo de tres (3) años desde la fecha en que fue sentenciado. Además, tendrá que haber completado el tratamiento recomendado en su Plan Institucional.

12. En los casos en que el miembro de la población correccional haya incurrido en violación a las normas y condiciones de algún programa previo, podrá ser considerado solamente por una segunda ocasión adicional, luego de haber transcurrido un mínimo de dieciocho (18) meses desde el incumplimiento. Además, tendrá que haber completado el tratamiento recomendado en su Plan Institucional. No se considerará para participar del programa si incurrió en la comisión de un nuevo delito durante el disfrute del privilegio.

13. No constituir un riesgo para su propia seguridad, la de sus compañeros, la comunidad y las víctimas o partes perjudicadas.

14. Tener una actitud positiva y tener la disposición genuina de trabajar, estudiar, rendir las tareas que se le requieran y de ser orientado en las áreas que sean necesarias.

15. Deberá estar en disposición y actitud favorable para que el patrono, la institución educativa o el centro de tratamiento, pueda darle seguimiento y supervisión a su trabajo, estudios o tratamiento, según aplique.

16. Estar dispuesto (el confinado o un familiar) a sufragar los costos que conlleve su Supervisión Electrónica, la cual será constante mientras participe del Proyecto, y cualquier otro gasto en el cual incurra, entre ellos, los gastos básicos por los servicios de agua y luz, alimentos y vestimenta.[7]

---

[7] Acápite IV(A) de la OA 2023-03.

Por otro lado, la OA 2023-03 dispone que toda persona "convicta de delito grave a la cual se le haya hecho una determinación de reincidencia agravada o reincidencia habitual", estará excluida para participar del Proyecto para la Pre Reinserción.[8]

**III**

En el recurso que nos ocupa, aunque el recurrente no plantea ningún señalamiento de error específico, en esencia, solicita que se declare Ha Lugar su reconsideración sobre el Programa para la Pre Reinserción.

Tras la evaluación minuciosa del expediente ante nuestra consideración, pudimos notar que, la solicitud de reconsideración presentada por el señor Kuilan Huertas no fue adecuadamente evaluada por el DCR. Veamos.

Conforme surge del expediente, el recurrente presentó una solicitud para el Programa de Pre Reinserción, al amparo de la OA 2018-07. El 17 de agosto de 2023, la misma fue evaluada y denegada por la Secretaria de Programas y Servicios. La razón de la denegatoria se basó en el incumplimiento del señor Kuilan Huertas con los criterios de elegibilidad consignados en la OA 2018-07. Inconforme, el recurrente presentó una *Recon[s]ideración* el 2 de noviembre de 2023. Al momento de la presentación de dicha reconsideración, la OA 2018-07 había sido derogada. Recordemos que, el 7 de septiembre de 2023 entró en vigor la OA 2023-03, derogando así la OA 2018-07.

Habida cuenta de ello, es la postura de este Tribunal que, el DCR incidió al evaluar la *Recon[s]ideración* del señor Kuilan Huertas al amparo de la OA 2018-07. De una lectura de ambas órdenes administrativas, pudimos constatar que, la nueva OA 2023-03 adopta nuevos criterios de elegibilidad y nuevas cláusulas

---

[8] Acápite IV(B) de la OA 2023-03.

excluyentes para los miembros de la población correccional que interesen participar del Proyecto para la Pre Reinserción. En vista de ello, entendemos meritoria la evaluación de la *Recon[s]ideración* presentada por el señor Kuilan Huertas, bajo las disposiciones de la OA 2023-03.

Cabe señalar que, de manera alguna nuestra determinación establece o sugiere que el señor Kuilan Huertas es elegible para obtener los beneficios del Proyecto para la Pre Reinserción. Lo aquí resuelto se limita a disponer que, la reconsideración presentada por el recurrente debe ser evaluada nuevamente, al amparo de la orden administrativa vigente al momento en que se presentó la misma, a saber, la OA 2023-03.

**IV**

Por los fundamentos expuestos, se revoca la determinación recurrida y devolvemos el caso al DCR para que proceda de conformidad con lo aquí resuelto.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones